# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JES'TERIEUZ J. HOWARD,<br><br>        Plaintiff,<br><br>v.<br><br>THE GEORGE WASHINGTON UNIVERSITY a corporation; THE INSTITUTE FOR BIOMEDICAL SCIENCES an individual; DR. ALISON HALL; and DR. CATHERINE LIMPEROPOULOS,<br><br>        Defendants. | CIVIL ACTION FILE NO.:<br><br>_____ |

## NOTICE OF REMOVAL

Defendants The George Washington University (the "University"), the Institute for Biomedical Sciences,[1] Dr. Alison Hall, and Dr. Catherine Limperopoulos (collectively, the "University Defendants"), through counsel, hereby file this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446. The grounds for removal are as follows:

1. Plaintiff Jes'Terieuz J. Howard commenced this action against the University Defendants by filing a Complaint in the Superior Court of the District of Columbia on August 26, 2022. Plaintiff then filed an Amended Complaint on August 29, 2022. A copy of the Amended Complaint is attached hereto as Ex. A.

2. The state court action is captioned Jes'Terieuz Howard v. The George Washington University, et al., Case Number 2022 CA 003819 B (the "Action").

---

[1] The Institute for Biomedical Sciences is an academic program within the University and is thus not a separate entity capable of being sued.

3. The Amended Complaint asserts discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"); Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d, *et seq.* ("Title VI"); Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"); and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 ("Title IX") against the University Defendants.

4. The date on or before which the University Defendants are required by the Laws of the District of Columbia to answer or otherwise respond to the Amended Complaint has not lapsed. Likewise, the thirty-day period within which the University Defendants may remove the Action to this Court has not lapsed. This Notice of Removal is accordingly timely under 28 U.S.C. § 1446(b).

5. Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

6. Pursuant to 28 U.S.C. § 1331, which provides for federal question jurisdiction, the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7. Because this Action arises under federal statutes, including Title VII, Title VI, Section 504, and Title IX, this Court has original jurisdiction over this Action and this Action is properly removed to this Court pursuant to 28 U.S.C. §§ 1331 and 1441(c). To the extent that Plaintiff's Amended Complaint may be read as asserting state law claims against the University Defendants, this Court has supplemental jurisdiction over such claims under 28 U.S.C. § 1367.

8. In addition to having jurisdiction pursuant to 28 U.S.C. § 1331, this Court has independent jurisdiction pursuant to 28 U.S.C. § 1332, under which the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

9. Plaintiff Jes'Terieuz Howard is a citizen of the State of Georgia.

10. Individual Defendants Dr. Alison Hall and Dr. Catherine Limperopoulos are citizens of the State of Maryland. The George Washington University is a Washington D.C. corporation with its principal place of business in Washington D.C. and a citizen of Washington D.C. As a result, there is complete diversity of citizenship between Plaintiff and all defendants.

11. Plaintiff has not specifically alleged an amount in controversy, but has alleged monetary harm in excess of $30,000 and emotional damages arising from his participation in the University's programs, which may fairly be read to amount to a value in excess of the jurisdictional limit. A defendant may assert that the amount in controversy exceeds the $75,000 threshold required for federal diversity jurisdiction in its removal notice where the monetary value of the relief sought in the complaint is indeterminate on its face. *Inst. for Truth in Mktg. v. Total Health Network Corp.*, 321 F. Supp. 3d 76, 83 (D.D.C. 2018). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Pesticides v. Dr Pepper Snapple Grp., Inc.*, 322 F. Supp. 3d 119, 121 (D.D.C. 2018) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 547 U.S. 81, 89 (2014)).

12. A true and correct copy of this Notice is being filed promptly with the Clerk of the Superior Court of the District of Columbia, pursuant to 28 U.S.C. § 1446(d).

13. Written notice of the filing of this Notice will be served promptly on all adverse parties, pursuant to 28 U.S.C. § 1446(d), as reflected in the attached certificate of service.

14. By removing this action from the Superior Court of the District of Columbia, the University Defendants do not waive any defenses available to them or admit any of the allegations in the Complaint.

WHEREFORE, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, the University Defendants respectfully remove this civil action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia.

Respectfully submitted this 26th day of September 2022.

**SAUL EWING ARNSTEIN & LEHR LLP**

s/ *Joshua W. B. Richards*
Joshua W. B. Richards/D.C. Bar ID No. 1002821
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102
(215) 972-7737
Joshua.Richards@saul.com

*Attorney for University Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this date I have electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and served the same upon Plaintiff via United States First Class Mail properly addressed as follows:

>Jes'Terieuz J. Howard
>235 Augusta Woods Drive
>Villa Rica, Georgia 30180

Dated: September 26, 2022                         s/ *Joshua W. B. Richards*
                                                                    Joshua W. B. Richards
                                                                    D.C. Bar ID No. 1002821