UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JES'TERIEUZ HOWARD,<br><br>    Plaintiff,<br><br> v.<br><br>GEORGE WASHINGTON UNIVERSITY, *et al.*,<br><br>    Defendants. | Civil Action No. 1:22-cv-02902 (JMC) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jes'terieuz Howard brings this action against George Washington University ("GW"), the Institute for Biomedical Sciences ("IBS"), and two faculty members, Dr. Alison Hall and Dr. Catherine Limperopoulos (collectively "Defendants"), challenging the circumstances surrounding his departure from the IBS Ph.D. program in 2021.[1] Pending before the Court is Howard's Motion for Leave to Amend Complaint, ECF 16, through which he seeks to amend his complaint a second time. Upon consideration of the briefing, the relevant legal authorities, and the entire record herein, and for the reasons stated below, the Court will grant Howard's Motion for Leave to Amend.

**I. BACKGROUND**

Howard commenced this action *pro se* by filing a Complaint in the Superior Court of the District of Columbia on August 26, 2022. *See* ECF 1 at 1. He then filed an Amended Complaint

---

[1] Unless otherwise indicated, the formatting of quoted materials has been modified throughout this opinion, for example, by omitting internal quotation marks and citations, and by incorporating emphases, changes to capitalization, and other bracketed alterations therein. All pincites to documents filed on the docket are to the automatically generated ECF Page ID number that appears at the top of each page.

1

on August 29, 2022, asserting discrimination claims under of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681. *See generally* ECF 2. He also included claims for negligence and intentional infliction of emotional distress. *Id.* Defendants removed the case from Superior Court to this Court on September 26, 2022, *see* ECF 1, and on October 3, 2023, they filed a Motion to Dismiss Plaintiff's Amended Complaint, ECF 5. Shortly after the Motion to Dismiss became ripe, Howard filed the instant Motion for Leave to Amend, which Defendants oppose. *See* ECF 22.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(1), a party may amend its pleading once as a matter of course within a specified time period. But when a party seeks to amend its pleading after that deadline, or for a second time, it may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).[2] Rule 15(a)(2) instructs that "[t]he court should freely give leave when justice so requires," and as the Supreme Court has explained:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be freely given.

---

[2] Here, even if Plaintiff's pre-removal amendment of his complaint did not count as his one "matter of course" amendment under Rule 15(a)(1), he did not file the pending Motion for Leave to Amend with 21 days of service of Defendants' Motion to Dismiss as required by Rule 15(a)(1)(B). Accordingly, he may now only amend his pleading with the Court's leave because Defendants do not consent.

2

*Foman v. Davis*, 371 U.S. 178, 182 (1962). "Because leave to amend should be liberally granted, the party opposing amendment bears the burden of coming forward with a colorable basis for denying leave to amend." *Hajjar-Nejad v. George Washington Univ.*, 873 F. Supp. 2d 1, 9 (D.D.C. 2012). Here, because Howard is proceeding *pro se*, his pleadings must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Bowman v. Iddon,* 848 F.3d 1034, 1039 (D.C. Cir. 2017) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

### III. ANALYSIS

Through his proposed Second Amended Complaint, Howard seeks to add claims for violations of Section 1981 of the Civil Rights Act of 1964, 42 U.S.C. § 1981, *et seq.*, the District of Columbia Human Rights Act, D.C. Code § 2-1401.0, *et seq.* ("DCHRA"), and his constitutional rights under the First and Fourteenth Amendments of the United States Constitution, as well as fraudulent concealment and breach of contract. ECF 16 ¶ 29. The proposed Second Amended Complaint also seeks to cure certain deficiencies that were raised by Defendants in their Motion to Dismiss. For example, with respect to the Title VII claims, Defendants argued that Howard had failed to exhaust his administrative remedies. ECF 5-1 at 13–14. That was true—the Equal Employment Opportunity Commission ("EEOC") did not issue Howard's Notice of Right to Sue until November 4, 2022. ECF 16 ¶ 38. The proposed Second Amended Complaint cures this defect, and it is clear that "the defect of a prematurely filed lawsuit may be excused when it is cured by the issuance of a right to sue letter while the action is pending." *Cruz-Packer v. Dist. of Columbia*, 539 F. Supp. 2d 181, 190 (D.D.C. 2008).

Defendants argue that the Court should deny leave to amend "[i]n the interests of judicial economy and avoiding unnecessary expense for all parties," ECF 22 at 1, but such considerations do not provide a colorable basis for denying leave to amend. There is no evidence of undue delay,

bad faith, or dilatory motive by Howard, nor of any undue prejudice to Defendants, and there is no suggestion of repeated failure to cure deficiencies. Indeed, Howard filed his Motion for Leave to Amend within five days of receiving his right to sue letter from the EEOC. The proposed Second Amended Complaint cures many of the deficiencies raised in Defendants' Motion to Dismiss and adds multiple causes of action. The Court does not hold that Howard has cured all deficiencies, or that another Motion to Dismiss would be unsuccessful. The Court simply grants Howard the opportunity to attempt to cure the deficiencies in his complaint and test his claims on the merits.

### IV.     CONCLUSION

For the foregoing reasons, the Court finds that it is appropriate to grant leave to amend. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Leave to Amend Complaint, ECF 16, is **GRANTED**; and it is further

**ORDERED** that Defendants' Motion to Dismiss Plaintiff's Amended Complaint, ECF 5, is **DENIED WITHOUT PREJUDICE** in light of the filing of Plaintiff's Second Amended Complaint. Defendants shall respond to Plaintiff's Second Amended Complaint by May 24, 2023.

**SO ORDERED.**

DATE: May 3, 2023

                                                                                            _____
                                                                                            Jia M. Cobb
                                                                                            U.S. District Court Judge