UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JES'TERIEUZ J. HOWARD<br><br>               Plaintiff,<br><br>   v.<br><br>THE GEORGE WASHINGTON UNIVERSITY, *et al.*,<br><br>               Defendants. | Case No. 22-cv-2902 (JMC) |

### ORDER

For the reasons that will be stated on the record at the next hearing in this case it is hereby **ORDERED** that Defendants' motion to dismiss, ECF 33, is **GRANTED in part** and **DENIED in part**. Specifically, the motion is **GRANTED** as to the following claims, which are hereby **DISMISSSED**:

- Count 2, Retaliation in violation of Section 1981, as against Defendant Catherine Limperopoulos;

- Count 3, Discrimination in violation of Title VII of the Civil Rights Act of 1964, as against Defendants Catherine Limperopoulos and Alison Hall;

- Count 4, Retaliation in violation of Title VII of the Civil Rights Act of 1964, as against Defendants Catherine Limperopoulos and Alison Hall;

- Count 5, Discrimination in violation of Title VI of the Civil Rights Act of 1964, as against Defendants Catherine Limperopoulos and Alison Hall;

- Count 6, Retaliation in violation of Title VI of the Civil Rights Act of 1964, as against Defendants Catherine Limperopoulos and Alison Hall;

1

- Count 7, Discrimination in violation of Title IX of the Education Amendments of 1972, as against Defendants Catherine Limperopoulos and Alison Hall;

- Count 8, Retaliation in violation of Title IX of the Education Amendments of 1972, as against all Defendants;

- Count 9, Discrimination in violation of Section 504 of the Rehabilitation Act of 1973, as against Defendants Catherine Limperopoulos and Alison Hall;

- Count 10, Intentional discrimination in violation of the Equal Protection Clause, as against all Defendants;

- Count 11, Retaliation in violation of the First Amendment, as against all Defendants;

- Count 13, Retaliation in violation of the D.C. Human Rights Act, as against Defendant Catherine Limperopoulos;

- Count 15, Intentional infliction of emotional distress, as against all Defendants;

- Count 17, Negligence in violation of D.C. Code Section 35-302, as against all Defendants;

- Count 18, Fraudulent concealment, as against all Defendants; and

- Count 19, Breach of contract, as against all Defendants.

Defendants' motion to dismiss is **DENIED** as to the following claims, which may proceed to discovery:

- Count 1, Discrimination in violation of Section 1981, as against all Defendants;

- Count 2, Retaliation in violation of Section 1981, as against Defendants The George Washington University, the Institute for Biomedical Sciences,[1] and Alison Hall;

---

[1] The Court is skeptical that the Institute for Biomedical Sciences (IBS) is a proper defendant in this suit for the reason identified by Defendants. *See* ECF 33 at 1 n.1. However, the Court cannot dismiss claims on that basis at this time because, on a motion to dismiss, the Court is confined to the facts alleged in the complaint and IBS's lack of capacity

- Count 3, Discrimination in violation of Title VII, as against Defendants The George Washington University and the Institute for Biomedical Sciences[2];

- Count 4, Retaliation in violation of Title VII, as against Defendants The George Washington University and the Institute for Biomedical Sciences[3];

- Count 5, Discrimination in violation of Title VI, as against Defendants The George Washington University and the Institute for Biomedical Sciences;

- Count 6, Retaliation in violation of Title VI, as against Defendants The George Washington University and the Institute for Biomedical Sciences;

- Count 7, Discrimination in violation of Title IX, as against Defendants The George Washington University and the Institute for Biomedical Sciences;

- Count 9, Discrimination in violation of the Rehabilitation Act, as against Defendants The George Washington University and the Institute for Biomedical Sciences;

- Count 12, Discrimination in violation of the DCHRA, as against all Defendants;

- Count 13, Retaliation in violation of the DCHRA, as against Defendants The George Washington University, the Institute for Biomedical Sciences, and Alison Hall[4];

- Count 14, Aiding and abetting in violation of the DCHRA, as against Defendants Catherine Limperopoulos and Alison Hall; and

- Count 16, Negligence, which the Court construes as a claim of negligent misrepresentation, as against all Defendants.

---

to be sued does not appear on the face of the complaint. *See Kaupthing ehf. v. Bricklayers & Trowel Trades Int'l Pension Fund Liquidation Portfolio*, 291 F. Supp. 3d 21, 28 (D.D.C. 2017).
[2] This claim may proceed under theories of race discrimination and sex discrimination only. It may not proceed on a disability discrimination theory.
[3] This claim may proceed under a theory of race-based retaliation only, not sex- or disability-based retaliation.
[4] This claim may proceed under a theory of race-based retaliation only, not sex- or disability-based retaliation.

It is further **ORDERED** that the Parties shall appear for an initial scheduling conference on February 26, 2025, at 1:00 PM. The conference will be on the record before Judge Jia M. Cobb and conducted via Zoom. The Court's Deputy Clerk will provide the information necessary to access the call. The Parties shall file a joint report pursuant to Local Civil Rule 16.3(d) and Federal Rule of Civil Procedure 26(f)(2) by February 19, 2025.

It is further **ORDERED** that Plaintiff's motion to amend his complaint, ECF 35, is **DENIED** without prejudice. Plaintiff may amend his complaint after discovery has commenced, and by the deadline the Court will set at the initial scheduling conference, to include any further allegations or claims he may wish to bring, including, if appropriate, any he proposed in his latest motion to amend. The Parties shall include in their joint report a proposed deadline for this amendment.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: January 29, 2025