# U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

CIVIL ACTION FILE
NO.        1:22-CV-02902-JMC

| | |
|---|---|
| *Plaintiff* <br> JES'TERIEUZ J. HOWARD | Judge: Jia M. Cobb |
| v. | |
| *Defendants* <br> THE GEORGE WASHINGTON UNIVERSITY a corporation; THE INSTITUTE FOR BIOMEDICAL SCIENCES an individual; DR. ALISON HALL; and DR. CATHERINE LIMPEROPOULOS | |

## JOINT REPORT OF RULE 26(f) CONFERENCE

On January 28, 2025, the Court issued an Order directing the parties involved in the present case to prepare this joint report in accordance with Local Civil Rule 16.3(d) and Federal Rule of Civil Procedure 26(f) (2) by February 19, 2025. In accordance with the aforementioned Local and Federal rules and at the direction of the Court, a conference was held between the Plaintiff, Jes'Terieuz Howard, and the Defendants' counsel on Monday, February 16, 2025.

During the conference, the parties discussed the matters required by Federal Rule 26(f)(2), Local Civil Rule 16.3, and orders of this Court. The parties now submit this Joint Report and Discovery Plan.

**I.     FEDERAL RULE 26(f) AND LOCAL RULE 16.3 DISCOVERY ISSUES**

    **A.     Likelihood that the case may be disposed of by dispositive motion.**

<u>Plaintiff:</u>

The Court has indicated that it will allow Plaintiff to submit an amended complaint by a deadline to be scheduled by the Court at the initial scheduling conference for February 26, 2025.

In the event that the Plaintiff files an amended complaint, the Plaintiff requests that the normative discovery procedures proceed without the possibility of a stay. This is because all material facts are now known to both parties, and the presentation of new claims should not necessitate undue delay.

Defendants:

Plaintiff has requested leave to amend his pleading, and the Court has indicated that it will permit Plaintiff to do so and will set a deadline for any such amended complaint at the conference scheduled for February 26, 2025. (*See* ECF 39). If Plaintiff files an amended complaint, Defendants will evaluate whether to file a motion to dismiss such amended complaint under Rule 12(b)(6). As such, Defendants request that discovery obligations in this case be stayed pending the deadline for amendment to be set by the Court, the filing of any amended complaint, and the resolution of any motion to dismiss such amended complaint. Defendants intend file a motion for summary judgment at the appropriate time.

**B.    Potential for settlement and/or alternative dispute resolution.**

The parties have engaged in discussions regarding the nature of their respective claims and defenses, as well as potential avenues for a prompt resolution. Defendants solicited a written demand from Plaintiff on Monday, February 16, 2025. Plaintiff has not provided a written demand as of the date of this filing. As such, the parties do not believe there is a realistic possibility of settling the case at this time. Defendants will consider a written demand in the event that Plaintiff submits one.

Plaintiff:

As Plaintiff is proceeding *pro se*, he is uncertain about the financial feasibility of acquiring counsel who would represent him in the United States District Court Mediation Program. Consequently, as per the Court's local rules, this case would generally be ineligible for mediation

unless the Plaintiff is represented by counsel specifically for the purpose of mediation. Otherwise, Plaintiff contends that this case would benefit from a neutral evaluation, including regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case.

Defendants:

The parties have discussed whether the case could benefit from the Court's alternative dispute resolution ("ADR") procedures. Defendants believe that this case would benefit from a neutral evaluation, including regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case. However, Defendants' recognize that Plaintiff is proceeding *pro se* and that Local Rule 84.4(c) states that "[c]ases in which one of the parties is proceeding *pro se* are generally considered ineligible for mediation, unless the *pro se* party is represented by counsel for the purpose of mediation." During the Rule 26(f) conference on February 16, 2025, Plaintiff advised that he has yet to determine whether he intends to retain counsel, for purposes of mediation or any other aspect of this litigation.

Defendants are willing to consider participating in the Court's ADR procedures in the event that Plaintiff retains counsel or this Court otherwise determines that this case is appropriate for referral to the Court's ADR procedures.

C.     **Anticipated Scope of Discovery (FRCP 26(f)(3)(B)).**

The parties have considered and discussed the anticipated scope of discovery.

Plaintiff:

Plaintiff currently intends to serve written discovery, including interrogatories, requests for production of documents, and requests for admission, relevant to both the factual basis for the allegations and legal theories in the operative Complaint. Plaintiff also intends to notice the deposition of one or both of the individual defendants, as well as members of the University most

knowledgeable about the topics discussed in the operative Complaint. In light of the aforementioned, Plaintiff is considering issuing document and deposition subpoenas to non-party witnesses who possess knowledge of the specifics outlined within the relevant filings pertaining to this case.

<u>Defendants:</u>

Defendants intend to seek discovery regarding Plaintiff's claims, Defendant's defenses, and Plaintiff's damages.

### D.      Electronically Stored Information (FRCP 26(f)(3)(C)).

The parties both intend to request and produce electronically-stored information ("ESI"). The parties have discussed the general categories that they anticipate to be exchanged in discovery and have agreed to engage in the appropriate preservation of ESI. The parties have agreed to discuss in good faith the form in which ESI shall be produced, the custodians from whom ESI shall be obtained, the processes by which ESI should be searched and located, and any other issues that may arise regarding discovery of ESI. Discovery of ESI will be addressed in the parties' respective discovery requests. The parties will bear their own costs for preserving and producing ESI in their possession, custody, or control.

### E.      Privilege Issues (FRCP 26(f)(3)(D)).

The parties agree to follow the procedures set forth in Fed. R. Civ. P. 26(b)(5) with regard to (1) asserting a claim of privilege or of protection as trial-preparation material with regard to information that either party withholds from discovery pursuant to such claims; and (2) asserting a claim of privilege or of protection as trial-preparation material with regard to discovery material that has been produced in the course of discovery and the return of such material.

    **F.**    **Changes to Discovery Limitations (FRCP 26(f)(3)(E)).**

The parties do not anticipate the need for any changes to the limitations placed on discovery by the Federal or Local Rules at this time. The parties reserve the right to request changes to discovery limitations in the event that the necessity for such limitation becomes apparent in the course of discovery.

    **G.**    **Other Discovery & Scheduling Issues (FRCP 26(f)(3)(F))**

    **(a)**    **Initial Disclosures**

<u>Plaintiff:</u>

Plaintiff requests that, in the event he chooses to amend his complaint, the parties' initial disclosure obligations under Federal Rule of Civil Procedure 26(a)(1) should be due fourteen days after the Defendants have submitted their response to the complaint or within the fourteen-day deadline provided by the Defendants to file an Answer to Plaintiff's remaining claims. To expedite the resolution of this case, the Plaintiff asserts that the submission of initial disclosures should not be delayed until the Court has reached a resolution regarding the amended complaint.

<u>Defendants:</u>

Defendants request that the parties' initial disclosure obligations under Fed. R. Civ. P. 26(a)(1) be stayed pending any forthcoming amended complaint and resolution of any motion to dismiss such amended complaint. In the event that Plaintiff does not file an amended complaint by the deadline set by the Court, Defendants recommend that the parties should exchange their respective Rule 26 Initial Disclosures within 14 days of Defendants' deadline to file an Answer to Plaintiff's remaining claims (as set forth below).

    **(b)**    **Protective Order**

The parties do not anticipate the need for a protective order in this case. The parties reserve the right to seek a protective order such need become apparent at a later date.

### (c) Trial Date

Plaintiff:

Plaintiff believes that this case is ripe for a hard and fast set trial date considering the proportion of Plaintiff's claims that have been allowed to proceed to discovery. The overwhelming majority of the allegations that will be presented at trial are already before the court, ensuring that the most pertinent matters are available to the parties and can be thoroughly examined on their merits. Any potential new claims to be introduced in an amended complaint will be closely intertwined with the fact-finding and analysis of the existing claims before the Court.

Defendants:

Defendants do not believe that a firm trial date should be set at this time, given the open question of whether Plaintiff will amend his complaint and when he will do so. As such, Defendants recommend that a trial date be set at the pretrial conference.

### H. Proposed Schedule

Plaintiff

Plaintiff proposes the following schedule, which depends upon the deadline to be set by the Court by which Plaintiff shall amend his complaint:

| Deadline | Proposed Date |
| --- | --- |
| File Motions to amend and/or add parties | March 15, 2025 |
| Completion of fact and expert witness discovery | July 31, 2025 |
| Settlement Conference | September 15, 2025 |
| Pretrial Conference before Judge Jia M. Cobb | November 30, 2025 |

Defendants:

Defendants propose the following schedule, which depends upon the deadline to be set by the Court by which Plaintiff may amend his complaint:

| **Deadline** | **Proposed Date** |
| --- | --- |
| File motion to dismiss amended pleading | 30 days from the filing of any amended complaint. |
| File Motions to amend and/or add parties | To be determined by the Court at upcoming scheduling conference. |
| Defendants to file answer to remaining claims | 30 days from the resolution of any motion to dismiss any forthcoming amended complaint; <br><br> *or, in the event Plaintiff does not amend his complaint,* <br><br> 30 days from the deadline for Plaintiff to amend his complaint, in the event Plaintiff does not amend his complaint. |
| Completion of fact discovery | 90 days from Defendants' deadline to file answer to remaining claims. |
| Completion of expert witness discovery | 60 days from completion of fact discovery. |
| File motions for summary judgment | 30 days from completion of expert witness discovery |
| Settlement Conference | 60 days after the Court's decision on motions for summary judgment. |
| Pretrial Conference before Judge Jia M. Cobb | 90 days after the Court's decision on motions for summary judgment. |

Respectfully and jointly submitted,

**PLAINTIFF**

By: /s/ *Jes'Terieuz J. Howard*                Date: February 19, 2025

Jes'Terieuz J. Howard
*Pro Se* Plaintiff

**DEFENDANTS**

By: /s/ *Joshua W. B. Richards*                Date: February 19, 2025

Joshua W. B. Richards/D.C. Bar ID No. 1002821
Levi R. Schy
SAUL EWING LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102
(215) 9727737
(215) 972-7803
Joshua.Richards@saul.com
Levi.Schy@saul.com

*Attorneys for Defendants*